IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **HARRODS LIMITED** | * | |
| Plaintiff | * | |
| vs. | * | CIVIL ACTION NO. MJG-00-464 |
| **ONE HUNDRED NINETY-TWO INTERNET DOMAIN NAMES** | * | |
| | * | |
| Defendants | | |

\* \* \* \* \* \* \* \* \*

<u>MEMORANDUM AND ORDER</u>

The Court has before it Defendants' Motion for a Stay of all Proceedings, Defendants' Motion for Enlargement of Time to Answer Plaintiff's Discovery Requests and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

While Defendants present an exaggerated version of the situation, the Court finds the following points worthy of mention:

1. Because of current economic conditions in Argentina, counsel for Defendants cannot get paid on a current basis. This is a relatively insignificant matter in the context of the parties and counsel involved.

2. An essentially identical case, involving the identical parties, is pending on appeal in the Fourth Circuit and may resolve some of the issues presented herein. This is a significant point since the Fourth Circuit decision could - albeit not necessarily to the same extent as Defendants assert - affect the course of the instant case and



        make it possible to litigate the instant case more efficiently.

3.     The Court may be able to structure the matter so that Plaintiff will suffer substantially no detriment from a stay of proceedings. This is a very significant point.

Defendants have stated that none of the domain names at issue are in active use and will not be activated during the pendency of a six month stay. As the Court presently understands the situation, this means that Plaintiff effectively would have a preliminary injunction against use of the domain names at issue during the stay. If this is correct, and if Defendants agree that the prohibition against activation shall extend beyond the stay so as to give the Plaintiff a reasonable opportunity to seek further preliminary relief pending the instant litigation, the Court is inclined to grant the stay.

Accordingly:

1. By May 6, 2002:

    a.   Defendants shall advise whether they consent to an Order providing that none of the domain names at issue will be activated during the pendency of a stay and for at least 30 days thereafter, subject to extension by further Order.

    b.   Plaintiff shall state why a stay, subject to no active use of the domain names at issue as stated herein, would be prejudicial to them.

    2.    By May 15, 2002, Defendants may respond to Plaintiff's May 6 statement.

    3.    The subject motions remain under consideration.

SO ORDERED this 23rd day of April, 2002.

                                                                            /s/ Marvin J. Garbis  
                                                                            Marvin J. Garbis  
                                                                   United States District Judge